UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN W. KOWALCHUCK, JR.,                              13 CV 2146

                Plaintiff,                              **COMPLAINT**

   -against-                                         **PLAINTIFF DEMANDS**
                                                                         **TRIAL   BY   JURY**
METROPOLITAN TRANSPORTATION AUTHORITY,


                Defendant.
------------------------------------------------------------------------X

       Plaintiff, JOHN W. KOWALCHUCK, JR., by his attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

       1.   The action herein arises under the Federal Employers' Liability Act (45 U.S.C. Sec. 5l, et seq.), as hereinafter more fully appears.

       2.   Upon information and belief and at all times herein mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY was a Public Authority, duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this Court.

       3.   At all time herein after, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this court and in various states.

       4.   That on or prior to January 27, 2015 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, employed the plaintiff, JOHN W. KOWALCHUCK, JR., as a Police Officer, under its direction, control and in furtherance of its business in interstate commerce.

5. That on and prior to January 27, 2015, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY owned, leased, maintained, operated, controlled, supervised and/ or otherwise assigned its police officer's to work at a certain railroad property, more specifically the District 2, Police Headquarters located at 565 Commercial Ave., Garden City, New York, which included the tracks, rails, switches, sidings, train cars, roadbeds, buildings, structures, facilities and appurtenances thereto, over, through, upon which and/or substantially affecting the defendant's operation of its engines, trains and cars under its direction and control.

6. That on or about January 27, 2015, while the plaintiff, JOHN W. KOWALCHUCK,JR., was in the performance of his duties as a Police Officer at or near the aforesaid location he was caused to sustain severe and disabling injuries by the reason of the negligence, carelessness and/or recklessness of the defendant as herein set forth.

7. That on or about January 27, 2015 while in the course of his employment with the defendant the plaintiff was assigned to shovel snow that had accumulated upon the wooden wheelchair ramp that had been constructed at the entrance to the District 2, Police Headquarters located at 565 Commercial Ave., Garden City, New York.

8. That on or about January 27, 2015 while shoveling snow at that location and as he was pushing the accumulated snow down the upper portion of the ramp away from the building's doorway towards the landing and turn leading to the upper end of the lower portion of the aforesaid wooden wheelchair ramp with a shovel provided to him by his employer, suddenly and without warning the shovel's forward momentum unexpectedly came to an abrupt unexpected stop, having become stuck and/or jammed upon an inappropriately raised section of the ramp's wooden planking thereby causing a strong unanticipated jolt to plaintiff's body and person as well as injury to develop at plaintiff's shoulder, neck and cervical spine and/or their supporting bones, muscles, tendons,

cartilage, ligaments, discs, nerves, nerve roots and other such hard and soft tissues of the surrounding areas.

9. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Police Officer; in failing to provide the plaintiff with the necessary and proper manpower, tools and/or equipment with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in wrongfully assigning the plaintiff police officer to shovel snow at the aforesaid location; in failing to inspect, maintain and keep in good repair the premises and wooden wheelchair ramp at the entrance of the aforesaid location; in so constructing and/or permitting a section of the wooden planking of the wheelchair ramp situated at the entrance to defendant's premises aforementioned to become raised, misaligned and mis-leveled as compared to the other wooden planking situated thereat; in so constructing and/or permitting the wooden planking to be and remain at the aforesaid location in a raised, misaligned and mis-leveled state as compared to the other wooden planking situated thereat; in failing to foresee that a raised, misaligned and mis-leveled wooden plank, as compared to the other wooden planking comprising the said wheelchair ramp situated thereat, presents as a hazzard to those persons cleaning, shoveling, walking or otherwise making use of the said wheelchair ramp; in failing to appreciate, detect, take notice of, or cure the risks and dangers situated within its wooden wheelchair ramp at the aforesaid location, thereby causing and/or creating a menace, nuisance and/or trap to members of the general public at large, and/or more particularly the defendant's employees, including the plaintiff; in knowingly assigning and or permitting the

plaintiff to shovel the aforesaid wheelchair ramp without first warning him of the dangers of the aforementioned raised, misaligned and/or mis-leveled wooden plank situated thereat; in failing to inspect, maintain and keep in good repair the wooden planking of its wheelchair ramp situated at the aforesaid location; in failing to inspect, maintain and keep the aforesaid wheelchair ramp in good, proper, and safe condition in accordance with the provisions and standards promulgated by the Americans With Disabilities Act and/or the Rehabilitation Act of 1974; in failing to take heed of prior similar events; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

10. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

11. That the plaintiff, JOHN W. KOWALCHUCK, JR. was damaged thereby in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

WHEREFORE, plaintiff, JOHN W. KOWALCHUCK, JR., demands judgment against the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Rockville Centre, New York
April 8, 2017

*Philip J. Dinhofer*

By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500

TO: Helene R. Hechtkopf, Esq.
Attorneys for Defendant MTA
Hoguet Newman Regal & Kenney, LLP
10 E. 40th Street, 35th Floor
New York, NY 10016
212-689-8808
(Service Via E-Mail On Counsel On Consent)